ELLEN F. ROSENBLUM
Attorney General
NATHANIEL AGGREY  #172283
ROBERT E. SULLIVAN # 983539
Assistant Attorney Generals
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Nathaniel.Aggrey@doj.state.or.us
robert.sullivan@doj.state.or.us

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CARL SPIELER, | Case No.  6:20-CV-01055 |
| Plaintiff, | STIPULATED PROTECTIVE ORDER |
| v. | |
| REED PAULSON, MD; KAREN HARRIS, DO; ELIZABETH MILLS, NP; CORRECTIONAL HEALTH PARTNERS, LLC and SALEM HEALTH HOSPITALS AND CLINICS dba SALEM HOSPITAL, | |
| Defendants. | |

**STIPULATED PROTECTIVE ORDER**

One or more of the parties has requested that the production of documents or information

be subject to protection under FRCP 26(c). The parties agree that good cause exists to protect the

confidential nature of the information contained in documents, interrogatory responses,

responses to request for admission, or deposition testimony. In order to reconcile the litigation

4825-5286-1914.1 Page 1 -          STIPULATED PROTECTIVE ORDER
NA3/cia/10325109-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

information which are or may be relevant, the court, pursuant to FRCP 26(c), orders the following:

1.      "Document" means written, recorded or graphic matter, however created and in any medium, including email and other electronic material. It includes transcripts of testimony from depositions or otherwise.

2.      "Confidential records" are documents designated by law as confidential, including but not limited to records of the Department of Corrections, including the State Board of Parole and Post-Prison Supervision to the extent that disclosure would interfere with the rehabilitation of a person in custody of the department or substantially prejudice or prevent the carrying out of the functions of the department.  "Confidential records" also includes documents which contain trade secrets, confidential or proprietary business or commercial information and/or confidential personnel, credentialing, and/or medical records.

3.      "Confidential information" is information that qualifies as exempt from disclosure under the Oregon Public Records Law, other applicable confidentiality laws, information contained or derived from records marked as "confidential records," or is otherwise designated as "confidential information" by one of the parties.

4.      A party producing a document shall designate all or part of it as "Confidential" if the party after reasonable good-faith consideration concludes the document is a confidential record or contains confidential information. If the entire document is designated every page (whether in hard copy or image, e.g. .pdf or .tif format) shall be stamped or marked "confidential."  If only a portion of a document is designated the designation shall clearly distinguish the confidential and non-confidential portions of the document. For documents produced in electronic form, the producing party shall designate the entire document with an appropriate metadata field,

5.      If a party receives a document that has been designated as confidential, in all or in part, and the party believes it to have been erroneously so designated, that party shall notify the

4825-5286-1914.1 Page 2 -                    STIPULATED PROTECTIVE ORDER
NA3/cia/10325109-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

court and opposing counsel of their objection to the designation within 10 days. If the parties are unable to resolve the designation on their own, the party defending the designation has the burden of persuasion regarding the correctness of the designation.

6.      Counsel to whom a confidential document or information has been disclosed may disclose the document or information, if necessary for the representation of their client, solely to the following (1) attorneys and staff in the Oregon Department of Justice (DOJ); (2) attorneys and staff in the Law Offices of Lynn Walsh, attorney-at-law; Keating Jones Hughes, P.C.; Lewis Brisbois; and Parks Bauer Sime Winkler & Fernety LLP; and (3) court staff.  Counsel may also disclose the document or information, if necessary for the representation of their client, to (1) authors or recipients of the document or information, (2) persons named or described in the document, (3) client representatives, and (4) outside consultants and experts, but only after any such person has read this Order and agrees in writing to be bound by its terms by signing the agreement attached as Exhibit A to this Order.

7.      Information or documents designated confidential, including information derived from documents designated confidential, shall be used solely for purposes of this litigation, and not for any other purpose, with three exceptions: (1) DOJ may use or disclose information or documents for legitimate law enforcement purposes and to carry out its duties under ORS chapter 180; (2) information or documents may be used if the person who is the subject of such confidential material authorizes its use for any purpose; or (3) disclosures otherwise required by law.

8.      Information or documents designated confidential may be referred to in discovery responses and requests, motions, briefs and other court papers, and may be used in depositions and marked as deposition or trial exhibits in this action. However, information or documents designated confidential may be used in this manner only if the document, or the portion of the document where the confidential information is revealed, is marked as confidential. A document filed in court may not include a confidential document or confidential information unless the

4825-5286-1914.1 Page 3 -
NA3/cia/10325109-v1                          STIPULATED PROTECTIVE ORDER

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

party filing it has, in compliance with the relevant provisions of the Federal Rules of Civil

Procedure and any local court rules, obtained an order sealing the document or information to be

filed.

9.      Notwithstanding the above, counsel may also discuss the confidential documents

or information at court hearings, unless the court issues an order to the contrary. If a party wishes

to offer a confidential document or information in open court, or offer testimony about a

confidential document or confidential information, that party shall request a pre-offer

determination by the trial court with respect to the proposed disclosure. If the court does not

order that the document, information, or testimony remain confidential, the offer of such

testimony, information or document at a pre-trial evidentiary hearing or at trial will cause the

evidence to lose its confidential status.

10.     Unless otherwise prohibited by law, and except in the case of a recipient of a

grand jury subpoena, as provided by ORS 132.060, 132.090, or Fed. R. Crim. P. 6(e), if a party

receives a lawful request (*e.g.*, public records request, subpoena, request for production) for

information from a document or testimony that another party has marked "Confidential"

pursuant to this order, the party receiving the request shall notify the providing party of that

request at least 10 days prior to disclosure of the information, subject to UTCR 2.100, 2.110,

2.130 and 5.160.

11.     Nothing in this Order shall be construed to change or restrict the obligation to

respond to Public Records Requests pursuant to ORS chapter 192.

12.     Within 30 days after the conclusion of the litigation, any confidential documents

produced shall be returned to the producing party or destroyed, with notice to the producing

party of their destruction except that the attorneys for the parties may keep one copy of the

confidential document pursuant to the Rules of Professional Conduct and the File Retention and

Destruction policy of the Professional Liability Fund. In addition to whatever other obligations

DOJ may have in regard to record keeping, DOJ shall maintain an entire set of the case's

4825-5286-1914.1 Page 4 -      STIPULATED PROTECTIVE ORDER
NA3/cia/10325109-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

confidential documents in a confidential and identifiable fashion for at least 10 years after the termination of the case.

13.    Nothing in this Order prevents any party from moving the court to remove the confidential designation from a document or testimony, from seeking modification of this Order, from designating already-produced documents as confidential, or from objecting to discovery that a party believes to be otherwise improper.

14.    A large volume of documents may be exchanged through discovery in this lawsuit, and the parties want to expedite the review and delivery of such documents. It is agreed that if either party discloses privileged information and/or protected trial preparation materials, the parties understand that there will be no waiver of privilege and/or protection. A party may assert the privilege and/or protection at any time in the litigation. After being notified of the privilege or protection, the other party (a) must promptly return the specified information, and any copies in its possession, custody, or control, (b) must make reasonable efforts to retrieve and to prevent disclosure of the information, if the party disclosed it before being notified, and (c) may not further use or disclose the information. A party opposing the claim of privilege and/or protection must promptly present the information to the court under seal for a determination of the claim. Absent an expressed intent to waive, the presumption will be in favor of privilege and/or protection.

15.    Likewise, because of the volume of documents, the parties agree that if either party discloses confidential documents or confidential information without having first marked them Confidential, the disclosing party may nonetheless later assert the confidentiality of the information and provide an amended copy with the Confidential designation. After the receiving party is notified of the confidential nature of the document, the party must treat the document as confidential and make reasonable efforts to retrieve and prevent disclosure of the information. If the receiving party disputes the confidential nature of the information, the disclosing party may

STIPULATED PROTECTIVE ORDER

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

seek assistance from the court in resolving the dispute; in the interim, the receiving party will treat the document as confidential while awaiting the court's ruling.

16.     This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

17.     The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

4825-5286-1914.1 Page 6 -                    STIPULATED PROTECTIVE ORDER
NA3/cia/10325109-v1

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

**IT IS SO STIPULATED.**

/s/ Lynn Walsh
LYNN WALSH
Of Attorneys for Plaintiffs

/s/ Nathaniel Aggrey
NATHANIEL AGGREY
Of Attorneys for Defendants Paulson and
Harris

/s/ Keith Bauer
KEITH BAUER
Of Attorneys for Defendant
Salem Hospital

/s/ Iain Armstrong
IAIN ARMSTRONG
Of Attorneys for Defendants
Correctional Health Partners, LLC

/s/ Carolyn Pearson
CAROLYN PEARSON
Of Attorneys for Defendant
Elizabeth Mills

The Court has reviewed the reasons offered in support of entry of this Stipulated

Protective Order and finds that there is good cause to protect the confidential nature of certain

information.  Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

Dated this 12th Day of March, 2021.

_/s/ Michael H. Simon_
U.S. District Court Judge Michael H. Simon

Submitted by:
      Nathaniel Aggrey
      Attorney for Defendants Reed Paulson and Karen Harris

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

EXHIBIT A

I, _____, have been advised by counsel of record for

_____ in the matter of CARL SPIELER v. REED PAULSON, MD; KAREN

HARRIS, DO; ELIZABETH MILLS, NP; CORRECTIONAL HEALTH PARTNERS, LLC and

SALEM HEALTH HOSPITALS AND CLINICS dba SALEM HOSPITAL, US District Court

for the District of Oregon, Case No. 6:20-CV-01055, of the protective order governing the

delivery, publication, and disclosure of confidential documents and information produced in this

litigation. I have read a copy of the protective order and agree to abide by its terms.


_____
Signed


_____
Printed Name


_____
Date

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

# CERTIFICATE OF SERVICE

I certify that on February  2 , 2021, I served the foregoing STIPULATED

PROTECTIVE ORDER upon the parties hereto by the method indicated below, and addressed to

the following:

Lynn S. Walsh                                      \_\_\_ HAND DELIVERY
Attorney at Law                                    _X_ MAIL DELIVERY
610 SW Alder St, Ste. 415                          \_\_\_ OVERNIGHT MAIL
Portland, OR 97205                                 \_\_\_ TELECOPY (FAX)
   *Of Attorneys for Plaintiff*                    \_\_\_ E-MAIL
                                                   \_\_\_ E-SERVE


Keith Bauer                                        \_\_\_ HAND DELIVERY
Parks Bauer Sime Winkler & Fernety LLP             _X_ MAIL DELIVERY
200 Civic Center Office Building                   \_\_\_ OVERNIGHT MAIL
570 Liberty Street SE                              \_\_\_ TELECOPY (FAX)
Salem, OR 97301-3492                               \_\_\_ E-MAIL
   *Of Attorneys for Defendant*                    \_\_\_ E-SERVE
   *Salem Hospital*


Jennifer K. Oetter                                 \_\_\_ HAND DELIVERY
Iain Armstrong                                      _X_ MAIL DELIVERY
Lewis Brisbois Bisgaard & Smith, LLP               \_\_\_ OVERNIGHT MAIL
888 SW Fifth Ave., Ste. 900                        \_\_\_ TELECOPY (FAX)
Portland, OR 97204                                 \_\_\_ E-MAIL
   *Of Attorneys for Defendant*                    \_\_\_ E-SERVE
   *Correctional Health Partners, LLC*


Page 1 -    CERTIFICATE OF SERVICE
            NA3/cia/10325965-v1

Scott G. O'Donnell                          ___ HAND DELIVERY
Carolyn A. Pearson                          _X_ MAIL DELIVERY
Keating Jones Hughes, P.C.                  ___ OVERNIGHT MAIL
200 SW Market St., Ste. 900                 ___ TELECOPY (FAX)
Portland, OR 97201-5730                     ___ E-MAIL
        *Of Attorneys for Defendant*        ___ E-SERVE
        *Elizabeth Mills, NP*


                                    *s/ Nathaniel Aggrey*
                                    NATHANIEL AGGREY #172283
                                    ROBERT E. SULLIVAN # 983539
                                    Assistant Attorneys General
                                    Trial Attorneys
                                    Tel (503) 947-4700
                                    Fax (503) 947-4791
                                    Nathaniel.Aggrey@doj.state.or.us
                                    robert.sullivan@doj.state.or.us
                                    Of Attorneys for Defendants

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791